UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| JACOB HAMMOND, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:14-cr-00022-RLY-WGH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **SUMMARY MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255**

Petitioner, Jacob Hammond, by counsel, Sara J. Varner, moves the Court, pursuant to 28 U.S.C. § 2255, for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), *Welch v. United States*, 136 S.Ct. 1257 (2016), and *Mathis v. United* States, 579 U.S. _____, No. 15-6092, slip op. (U.S. June 23, 2016) and in support states:

On May 2, 2003, Mr. Hammond was convicted of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g). On February 17, 2015, this Court sentenced Mr. Hammond to 180 months. The 180-month sentence was based upon the Court's finding that Mr. Hammond was an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA).

The court found Mr. Hammond to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA enhancement. Specifically, the court found that Mr. Hammond had prior burglary convictions that qualified as "violent felonies". However, in light of the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, No. 15-

1

6092, slip op. (June 23, 2016), Mr. Hammond is no longer an armed career criminal because his Tennessee burglary convictions no longer qualifies as ACCA "violent felonies".

In *Johnson,* the Supreme Court struck down the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. In *Mathis*, the Supreme Court narrowed the analysis of burglary statutes which may be completed by alternative means. 579 U.S. _____. Therefore, some portions of the Tennessee burglary statute may qualify under the enumerated offense clause, other portions of the statute would only have amounted to a violent felony under the now defunct residual clause.

Thus, the only question here is whether Mr. Hammond's Tennessee burglary offenses qualifies as a "violent felony" under the remaining "enumerated offenses" clause or "force" clause of the ACCA.[1] They do not under either clause.

Hence, Mr. Hammond does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him as an armed career criminal. As a

---

[1] Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

  (i) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

  (ii) is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

result, Mr. Hammond's currently imposed sentence of 300 months is now a *per se* illegal sentence, not only in violation of the United States law, but in excess of the 10-year statutory maximum for his offense of being a felon in possession of a firearm. Allowing this sentence to remain intact further violates due process. Therefore, Mr. Hammond is entitled to relief under 28 U.S.C. § 2255(a).

Mr. Hammond's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Mr. Hammond respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

s/Sara J. Varner
Sara J. Varner
Assistant Federal Public Defender
111 Monument Circle, Ste. 2150
Indianapolis, IN 46204
(317) 383-3520

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Sara J. Varner*
Sara J. Varner